Welch, J.
This was an action by George S. Callender against Sidney S. Warner and others, stockholders, and subscribers for stock, in the Clinton Line Extension Railroad Company, to which action the corporation was also made a party defendant, to enforce the individual liability of the stockholders, and also to compel the payment of a balance due upon their subscriptions, for the satisfaction of two j udgments which Callender holds against the company. The original petition was filed in January, 1868. The case made in the petition is this: The company was incorporated in 1853. The plaintiff’s judgments were obtained in 1858. In 1865, the company being insolvent, all its property and assets, except its choses in action, together with the franchise to be a corporation, were sold in pursuance of the provisions of the act of April 4, 1863 (S. & C. Stat. 131), a new corporation was organized under said act, and the old corporation thus ceased to exist. In 1866 Callender’s judgments were revived. But in the proceeding to revive, as well as in Callender’s action, process against the defunct company was served upon the members of its last acting board of directors, and the company was not otherwise brought into court.
To this petition the plaintiff in error demurred, insisting that it contained a misjoinder of causes of action, and that the corporation was not properly brought into court, either in the proceeding to revive, or in the plaintiff’s action.
The court overruled the demurrer, and after deciding against certain matters of defence, which will be hereafter noticed, rendered judgment against Warner for the balance found due oh his subscription. But the court rendered no judgment as to the individual liability of the stockholders.
The cause was appealed to the district court, where a similar judgment was entered; and Warner now asks leave to file a petition in error to reverse the latter judgment.
It seems to us that these causes were properly joined in the same action. The plaintiff sought to subject two funds to the payment of his judgments. One of these funds, the balance due on the subscriptions, was primarily liable. In the event of its insufficiency, and in that event only, he might *196 resort to the other fund, the fro rata for which the stockholders were individually liable. It is the peculiar pi’Ovince of equity to marshal and apply such funds, and this can best be done where all parties are before the court.
As to the objection regarding the service of process upon the defunct corporation, it is enough to say that the service was in accordance with the statute in such case provided. By the act of March 7th, 1842 (S. & O. 363), “ the directors or managers of the affairs of such corporation, acting last before its dissolution,” are in effect made to take the place of the extinct corporation, for the purpose of winding up its affairs. Service upon them was sufficient.
By the further pleadings in the case it appears that the certificate of incorporation of this railroad company, filed in the office of the secretary of State, and under and by virtue of which it claimed to be incorporated, had no seal. But it also appears, that by a subsequent exfarte proceeding in the court of common pleas, at the instance of the company, an order or decree was obtained curing this defect, under and by virtue of the curative act of March 10, 1859. (2 S. & C. 1172.)
It further appears from the pleadings, that the description of one of the termini of the road, as given in the certificate, is in the words, “ in or near the town of Lima, in Allen county, in the State of Ohio, at a point on the Cleveland and St. Louis Eailroad.” It is claimed that this terminus of the road is not described with sufficient certainty, and, therefore, as well as for want of a seal, that the certificate is invalid, and the company was never legally incorporated.
"We agree with the court below in overruling both these objections. The words “ in or near” are sufficiently definite for such a purpose. They have substantially, the same significance as the single word “ in.” They authorized the building of no road that did not terminate substantially “ in ” Lima.
The want of a seal to the certificate we think has been effectually cured by the exfarte proceeding for that purposes *197 In the case of Hout v. Hout, decided at the present term,* we held that the permissive power given to the court by the act of March 10, 1859, to give effect to instruments and proceedings, was only to be exercised in cases where it is required by equity and justice. Such we think was the case here. The defect in the certificate involved the merest technicality, and the curative decree of the court merely made it conform “to the true and manifest meaning of the parties.” The plaintiff in error was one of these parties. Eor a series of years, and by a series of acts, he had treated and acknowledged the company as a corporation, and ought now, perhaps, to be estopped from denying it to be such. At all events, it was an eminently proper case for the court to interpose and exercise its curative power. The creditors trusted the company. The stockholders constitute the company, and if Warner escapes by his plea of nul tiel corporation, so can all the other stock-subscribers escape by the same plea. It is but doing equity and justice between the parties, therefore, to give full effect to the defective certificate.
Another defence interposed by Warner was, that his subscription was conditional, and that the condition had not been fulfilled by the company. His subscription was in these words: “ The undersigned agree to take the amount of stock set opposite their names : Provided the road is built inside of 150 rods north of the centre of Huntington township.” The road was permanently located agreeably to this condition, and all the means of the company expended in constructing it there, but the road was never completed. It seems to us, as it did to the court below, that the permanent location of the road in the place designated was a substantial compliance with this condition. What the parties must have meant to provide for was the place of the road, and not its condition of completeness or incompleteness. To hold the contrary would be, virtually, to hold that the parties supposed the road could be built without funds. Strictly speaking, to build a road is to complete it. So, strictly speaking, to locate *198 a road is to complete it, because until it is completed it is not a road.. When a subscription book speaks of locating a road, everybody understands it to mean less than a finished road — a mere line surveyed and established as the loous Where the road is to be built. So, when it speaks of a road to be built, in one place in preference to other places, the parties cannot fairly be held to have intended differently. In either .case it must, from the very nature of the case, be supposed and held that it was the location of the road, and not its structure, that was intended to be specified.
Another defence set up by Warner was, that after he had made his subscription, and calls had been made by the directors for the full amount thereof, he compromised the same by an agreement made with one of the directors, whereby he paid, and received stock for, half the amount thereof, and paid an additional sum of fifty dollars, in consideration that he should be released from the remaining part of the subscription. The evidence, however, fails to show any authority of the director to make the agreement, or that the same was ever confirmed by the company. Nor does the evidence show that there was any real controversy between the parties to be compromised, or other valid consideration for the alleged release. On the contrary, it seems to have been a private matter between Warner and the director, and to have been purposely kept concealed from the company, and intended as a mere matter of favor to Warner.
The remaining defence interposed was the statute of limitations, or the staleness of plaintiff’s equity. Warner alleged (1) that the cause of action did not accrue in six years, and (2) that it did not accrue in ten years next before the commencement of the plaintiff’s action. The court held the plea of six years’ limitation to be no bar to the action, and that the plea of ten years’ limitation was not true — only nine years having intervened between the rendition of plaintiff’s judgments against the company and the commencement of the action.
It is enough for us to say, on the question of limitation, that Warner’s liability on his subscription ran fifteen years *199 from and after the respective periods fixed in the calls made therefor, and that as no judgment was taken against him on his undvoidmal liability as stockholder, no question now arises as to the statutory period of limitation applicable to the latter. The action was brought within the fifteen years, the period limited by statute for an action on the written contract of subscription ; and the record does not show the intervention of any circumstances, or changes effected by the plaintiff’s delay, rendering it inequitable for Callender to maintain his action. It is true, the record shows that up to the time of its reorganization the company was possessed of sufficient property to pay these judgments. Whether that property was under mortgage, or whether it was property which in equity ought to have been applied to the payment of these judgments, or otherwise, does not appear. It was certainly as much the duty of the stockholders, as it was of the judgment creditor, to determine whether the assets of the company should, at any particular time, be applied in payment of its debts, rather than in the construction of its road, and in what order the debts should be secured and paid.
We have carefully examined the voluminous record in the case, but fail to see wherein the court below has erred to the prejudice of the plaintiff in error.

Motion overruled.

Brinkerhoff, C.J., and Scott, White, and Day, JJ., concurred.